IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ALI PATTERSON,

    Plaintiff,
vs.                                              Case No: 4:11-cv-593-WS-GRJ

DEPARTMENT OF CORRECTIONS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner presently confined at Santa Rosa Correctional Institution, initiated this case by filing a complaint pursuant to 42 U.S.C § 1983, and seeks leave to proceed as a pauper. The Complaint is before the undersigned for screening pursuant to 42 U.S.C § 1915A. Upon consideration of Plaintiff's claims, it is recommended that leave to proceed as a pauper be denied, and that this case be dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.

### Plaintiff's Allegations

Plaintiff alleges that in April 2011 he was an inmate at Suwanee Correctional Institution. Plaintiff alleges that on one occasion while he was in the chow hall, Sergeant T. Melia approached him from behind and "aggressively bumped [him] and stepped on [his] foot." When Plaintiff complained, Melia responded "you should have moved your 'black ass' out of the way." Plaintiff said "don't worry about it," following which Melia made Plaintiff stand in one place for 15 minutes, and then verbally harrassed Plaintiff by asking him "what's your gripe boy," and telling Plaintiff not to put his foot out to trip him. Plaintiff denied trying to trip Melia, and Melia told him that the

next time he would charge Plaintiff with battery on a law enforcement officer.  Melia then told Plaintiff to get his "black ass" back in line.

Plaintiff alleges that following this incident the Department of Corrections "failed to protect my mental, physical, and emotional well being."  Plaintiff alleges that he reported the incident, and was told he would be placed in protective custody pending an investigation.  Plaintiff alleges that he instead was placed in cells with inmates who were pending disciplinary action.  Plaintiff alleges that Melia made unspecified threats on his "life and well being."  Plaintiff alleges that the threats continued until Plaintiff was driven to a "series of unfortunate events."  He does not explain what these events were.  Plaintiff alleges that the DOC's failure to separate him from Melia was "negligent."  Plaintiff alleges that Melia violated his 8th Amendment rights by using excessive force during the incident in the chow hall.  For relief, Plaintiff seeks release from prison, transfer to a different institution, and damages from DOC and Melia in the amount of $180,000 for pain and suffering.

## Standard of Review

Pursuant to 28 U.S.C. § 1915A, the Court "shall review, before docketing, if feasible, or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity," and shall dismiss the Complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]"  To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).  If a litigant

cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by *Iqbal*).

## Discussion

Initially, the Court notes that the only named Defendant is the Department of Corrections. The Department of Corrections is not a "person" for purposes of liability under § 1983. Although Plaintiff does not name Melia as a Defendant, Plaintiff alleges claims against Melia. The Court concludes that there is no basis for permitting Plaintiff to amend the Complaint to name Melia as a Defendant because as explained below Plaintiff's factual allegations do not state a cognizable claim against Melia.

The Prison Litigation Reform Act imposes a limitation on recovery in prisoner cases. Pursuant to 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Plaintiff has alleged no physical injury stemming from the incident underlying his Complaint. Thus, to the extent that Plaintiff contends he suffered mental or emotional injury due to Melia's actions or verbal harassment, his damages claim is barred while he remains incarcerated. *Harris v. Garner*, 216 F.3d 970, 979-80 (11th Cir. 2000).

Further, under the Eighth Amendment, whether a corrections officer's use of force is actionable depends "whether that force was applied in a good faith effort to maintain or restore discipline or maliciously or sadistically for the very purpose of causing harm." *Bozeman v. Orum*, 422 F3rd 1265, 1271 (11th Cir. 2005) (internal quotations and citation omitted). In determining whether the force was applied maliciously and sadistically to cause harm, courts consider a variety of factors, including: "the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Skrtich v. Thornton*, 280 F.3rd 1295, 1300 (11th Cir. 2002). "From consideration of such factors, inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Id.* at 1300-01.

However, not "every malevolent touch by a prison guard gives rise to a federal

cause of action." *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992).  Rather, "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* (internal quotations omitted).

The allegations of the Complaint, even liberally construed, that Melia's use of physical force by bumping into Plaintiff and stepping on his foot is a classic example of a *de minimis* use of force and does not constitute conduct that is of the sort that is repugnant to the conscience of mankind.  In describing the incident, Plaintiff does not allege that he suffered any pain or injury at all by either the step or by being made to stand still for 15 minutes. Even if Melia's actions could be characterized as "malevolent" in intent, as described in the Complaint the incident did not involve the type of harm that gives rise to a federal cause of action for use of excessive force.  *See Hudson*, 503 U.S. at 9-10.

Finally, to the extent that the Complaint may be liberally construed as alleging an actionable risk of future harm due to Melia's threats, any such claim for relief has been rendered moot by Plaintiff's transfer to a different institution.

Accordingly, the Court concludes that the allegations of the Complaint fail to state a claim upon which relief may be granted.  It is respectfully **RECOMMENDED** that leave to proceed as a pauper be **DENIED** and that this case be **DISMISSED** pursuant to 28 U.S.C § 1915A for failure to state a claim upon which relief may be granted.

**IN CHAMBERS**  this 28th day of November 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.